```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF ALABAMA
             SOUTHERN DIVISION
```

| | |
|---|---|
| **WENDY M. WILLIAMS,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 23-00456-KD-B |
| | * |
| **NEXSTAR MEDIA GROUP,** *et al.*, | * |
| | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S), is before the Court on review. For the reasons set forth below, it is **RECOMMENDED** that the claims of Plaintiff, Wendy M. Williams, be **DISMISSED without prejudice** for failure to prosecute and obey the Court's orders.

Plaintiff Wendy Williams, proceeding *pro se*, commenced this action on December 4, 2023, by filing a complaint against "Nexstar Media Group," "Perry Sooks," and "Geoff Armstrong." (Doc. 1). At the time of filing, Williams neither paid the filing fee nor filed a motion to proceed without prepayment of fees. On December 26, 2023, Williams filed an amended complaint and an unsigned motion to proceed without prepayment of fees. (Docs. 3, 5). The amended complaint included additional Defendants, namely "WKRG," "Bernadette Aulestia," "Tony Wells," and "Martin Pumpador." (Doc. 3).

In an order dated January 5, 2024, the Court directed Williams to sign and supplement her motion to proceed without prepayment of fees by no later than February 5, 2024. (See Doc. 6). Williams was expressly directed to sign the form, and to detail her total monthly household income and her monthly financial obligations to assist the Court in determining her ability to pay the statutory filing fee in this action. (Id.). She was further advised that in lieu of correcting her motion, she could pay the $405.00 filing fee by the February 5, 2024, deadline.

Additionally, the Court advised Williams that her amended complaint is deficient.[1] (Id.). Specifically, Williams was advised that her amended complaint is an impermissible shotgun pleading that violates the Federal Rules of Civil Procedure and that it fails to sufficiently plead a basis for this Court's subject matter jurisdiction. (Id.). In this action, like similar actions that Williams has filed in the past, she appears to attempt to invoke the Court's diversity jurisdiction; yet, she fails to allege the citizenship of any party.[2] A party invoking federal jurisdiction based on diversity of citizenship must allege "the citizenship of

---

[1] There does not appear to be any appreciable difference between Williams' initial complaint and her amended complaint. (See Docs. 1, 3).

[2] See Williams v. Fox News Network, LLC, No. 1:23-cv-00211-JB-B, ECF No. 3 (S.D. Ala. 2023); Williams v. WKRG 5, No. 1:23-cv-00348-KD-B, ECF No. 1 (S.D. Ala. 2023).

2

each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013).

And, as noted, Williams was advised that as drafted, her amended complaint is an impermissible shotgun pleading that violates the Federal Rules of Civil Procedure. (Doc. 6 at 7). The Court noted that Williams' various state law claims are not separated into separate causes of action, and it is not clear which factual allegations are intended to support each distinct claim, thus making it impossible to discern the grounds upon which each claim rests, and what wrongful conduct each Defendant is alleged to have engaged in. Because the amended complaint does not state a proper basis for federal jurisdiction and fails to provide Defendants with adequate notice of the claims against them and the grounds upon which each claim is based, the Court ordered Plaintiff to file, by February 5, 2024, a second amended complaint that addressed the pleading deficiencies noted in the order, and a supplemental motion to proceed without prepayment of fees, or in lieu thereof, pay the $405.00 filing fee. (Id. at 10).

To date, Williams has not filed a second amended complaint, paid the filing fee, or filed a corrected motion to proceed without prepayment of fees. Nor has Williams requested additional time to comply with the Court's order or provided any explanation for her failure to comply within the prescribed time. Further, there is

nothing on the docket indicating that the Court's previous order has been returned as undeliverable.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

The undersigned hereby recommends that the instant action be dismissed without prejudice based on Williams' failure to prosecute and to obey the Court's order dated January 5, 2024,

4

directing her to timely file a second amended complaint addressing and correcting her pleading deficiencies by February 5, 2024. (Doc. 6). Williams was cautioned that failure to correct the pleading deficiencies and to re-file her motion to proceed without prepayment of fees or to pay the $405.00 filing fee within the prescribed time would result in a recommendation from the undersigned that her action be dismissed for failure to prosecute and to comply with the Court's order. (See Doc. 6).

Accordingly, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent authority.[3]

---

[3] "[T]he dismissal 'without prejudice' of an action barred by the statute of limitations is tantamount to a dismissal 'with prejudice.'" Cogan v. Allianz Life Ins. Co. of N. Am., 592 F. Supp. 2d 1349, 1355 (N.D. Ala. 2008) (citation omitted). The Court notes that Williams appears to complain of defamatory statements and intrusions into her private affairs that occurred in 2013 or shortly thereafter, although the complaint does not specifically state when the actions complained of occurred. (See Doc. 3). Under Alabama law, the statute of limitations for a defamation claim is two years. See Ala. Code § 6-2-38(k) ("All actions of libel or slander must be brought within two years."). The two-year "statute of limitations for actions alleging libel or slander prescribes a period that runs from the date of publication—that is the date on which the injury to the plaintiff's reputation occurs and the cause of action is completed." Poff v. Hayes, 763 So. 2d 234, 242 (Ala. 2000); see also Harris v. Winter, 379 So. 2d 588, 590 (Ala. 1980) ("It is the law of Alabama that a cause of action for libel accrues when the libelous matter is published."). Similarly, "[i]nvasion of privacy claims are subject to the two-year statute of limitations set out in [Ala. Code] § 6-2-38(l)." Shuler v. Duke, 2018 U.S. Dist. LEXIS 90409, at *29, 2018 WL 2445685, at *11 (N.D. Ala. May 31, 2018), aff'd, 792 F. App'x 697 (11th Cir. 2019) (per curiam). Therefore, it appears that some or all of Williams' claims are barred by the applicable Alabama statute of limitations, and

5

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

---

that a dismissal of this action without prejudice would be tantamount to dismissal of those claims with prejudice, because Williams would not have the ability to re-file those claims within the limitation period. Nevertheless, the undersigned submits that dismissal without prejudice is an appropriate sanction. First, it appears that Williams' claims that are barred by the applicable statute of limitations would be barred whether raised in the instant action or in a subsequent action. Moreover, Williams' repeated failures to obey the Court's orders in this and other recent cases show a clear record of delay and willful misconduct, and it does not appear that any lesser sanction will suffice to induce Williams' compliance with the Court's orders.

6

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **8th** day of **February 2024.**

                                              **/s/ SONJA F. BIVINS**
                                              **UNITED STATES MAGISTRATE JUDGE**