```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

| | |
|---|---|
| **WENDY M. WILLIAMS,** | \* |
| | \* |
|     **Plaintiff,** | \* |
| | \* |
| vs. | \* CIVIL ACTION NO. 23-00456-KD-B |
| | \* |
| **NEXSTAR MEDIA GROUP,** *et al.*, | \* |
| | \* |
|     **Defendants.** | \* |

## ORDER

This action is before the Court on Plaintiff Wendy M. Williams' Request for Recusal (Doc. 8). Upon consideration, the motion is **DENIED**.

Plaintiff Williams, who is proceeding *pro se*, asserts that the undersigned should recuse from this case "due to bias" pursuant to 28 U.S.C. § 455. (Id.). According to Williams:

> Mrs. Wendy Williams has dealt with this judge before and has never won her case against several individuals who ha[ve] violated her, and this judge and others know this and ha[ve] done nothing to stop these individuals from harming, Ms. Wendy M. Williams.

(Id. at 3-4).

28 U.S.C. § 455 requires a judge to remove herself in "in any proceeding in which h[er] impartiality might reasonably be questioned" or if "[s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. §§ 455(a) & (b)(1). The applicable legal standard is whether "an objective, fully

informed lay observer would entertain significant doubt about the judge's impartiality." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000) (citation omitted). "A party introducing a motion to recuse [under 28 U.S.C. § 455] carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Pope v. Fed. Express Corp., 974 F.2d 982, 985 (8th Cir. 1992) (citation omitted); see In re Clark, 289 B.R. 193, 196 (Bankr. M.D. Fla. 2002).

The undersigned has fully reviewed and considered Williams' motion and finds that there is no legitimate reason for recusal. The mere fact that Williams is not pleased with the undersigned's rulings provides no basis for recusal. See Stringer v. Doe, 503 F. App'x 888, 890 (11th Cir. 2013) ("Judicial rulings standing alone rarely constitute a valid basis for a bias or partiality motion."). Moreover, "a judge, having been assigned to a case, should not recuse [her]self on unsupported, irrational, or highly tenuous speculation." United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) (per curiam); see also Lawal v. Winners Int'l Rests. Co. Operations, Inc., 2006 U.S. Dist. LEXIS 63695, at *4, 2006 WL 898180, at *4 (N.D. Ga. Apr. 6, 2006) ("A trial judge has as much obligation not to recuse [her]self when there is no reason to do so as [s]he does to recuse [her]self when the converse is true."); United States v. Malmsberry, 222 F. Supp. 2d 1345, 1349

2

(M.D. Fla. 2002) ("[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require."). Not only has Williams failed to provide a reasonable basis for recusal, but the record evidence clearly shows, as set forth in the Report and Recommendation (Doc. 7), that Williams has repeatedly failed to comply with orders of this Court.[1]

For the reasons set forth above, Williams' request for recusal is **DENIED**.

**DONE** this **28th** day of **March 2024**.

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**

---

[1] While Williams belatedly filed an amended complaint (Doc. 9) after the deadline set by the undersigned, she has made no effort to file a new motion to proceed without prepayment of fees or in lieu thereof, pay the $405 statutory filing fee as directed by the Court. (Doc. 6).